CARTER LEDYARD & MILBURN LLP
Keith D. Nowak, Esq. (KN-0230)
2 Wall Street
New York, NY 10005
Phone:  (212) 238-8610
Fax:     (212) 732-3232
Attorneys for Defendants TBC Consoles, Inc.,
Time Base Corporation and Jerry Hahn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

FORECAST CONSOLES, INC.,                    :

                               Plaintiff,        :

          - against -                              :

TBC CONSOLES, INC., TIME BASE         :
 CORPORATION and JERRY HAHN

                                :

                    Defendants.

---------------------------------------------------x

**ECF CASE**

**CIVIL ACTION NO.
07-CV-3106 (KMW)(KNF)**

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS
## PURSUANT TO RULE 56 FRCP AND LOCAL RULE 56.1 FRCP REGARDING
## DEFENDANTS' PROPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Pursuant to the Court's Order of March 5, 2008, defendants submit the following

statement of Undisputed Facts pursuant to Rule 56 FRCP and Local Rule 56.1.

Plaintiff Forecast Consoles, Inc. (Forecast) asserts design patent infringement against

TBC Consoles, Inc. et al. (TBC) for the alleged infringement of a media console work station

design, D473,078 S ('078), attached hereto as Exhibit 1, and a media console side table design,

D495,902 S ('902), attached hereto as Exhibit 2.

Plaintiff has alleged in pertinent part:

Atty Docket No.: TBC01.006

A. <u>Count 2</u>, that defendants have infringed its US Design Patent '078 (Exhibit 1) by making and selling its CROSSFIRE multimedia table (Complaint Exhibit K), (Here, Exhibits 3, 4 AND 5[1]), and

B. <u>Count 3</u>, that defendants have infringed its US Design Patent '902 (Exhibit 2) by making and selling TBC's side table. (Complaint Ex. D), (Here Exhibit 6).

## **<u>UNDISPUTED FACTS</u>**

1. Plaintiff's US Design Patent '078 (Exhibit 1) is directed to the ornamental design for a multimedia console desk, or table.

2. The claimed portion of the design is directed , in part, to a lower horizontal work surface comprising an elongated panel being generally rectangular in shape with one inner, generally straight long side, two generally straight short sides of equal length and one outer, generally concave, articulate side which curves in a continuous circular arc from the outer edge of one side of equal length to the outer edge of the other side of equal length of the panel. (Exhibit 1, Figs. 1-3) The outer corner of each side is snubbed or rounded in the horizontal plane.

3. Console supporting legs are provided on each side of the work surface. (Exhibit 1, Figs. 1, 2, 5)

4. An arched strut, or foot, extends from each leg to engage the floor or any other supporting surface to provide stability. (Exhibit 1, Figs. 1, 2, 5)

---

[1] There are four models of the CROSSFIRE; i.e., Models XK1-3, all of essentially the same design of which Complaint Exhibit K is an example (Exhibit 3) and a Model XK300 series (Exhibit 4). The Model XK300 does not have an upper shelf as does the XK1-3 models. The salient design features of all CROSSFIRE models are similar, especially to the dominant cross "X" shape of the legs, which, of course, suggest CROSSFIRE. Also, the shape of the lower horizontal work surface is similar in all the CROSSFIRE models (Exhibit 5).

Atty Docket No.: TBC01.006

5.  The '078 design (Exhibit 1) includes a distinctive octagonal (in cross section) rail member which extends along the straight long, inner edge of the horizontal work surface, and projects perpendicularly, outwardly from the side of the overall desk as a dominant feature. (Exhibit 1, Figs. 1, 2, 4, 5)

6.  Forecast alleges the following similarities between its '078 design and the defendants' CROSSFIRE (Exhibits 3, 4 and 5):

  a.  Overall appearance of assembled parts

  b.  Unique concave shape of the work surface

  c.  Location and angle of orientation of Turrets (not shown in design patent '078)

  d.  Arched legs.  (Complaint, p. 14, paragraph 50).

7.  The TBC CROSSFIRE desks (Exhibits 3, 4 and 5) have a work surface which is generally "kidney shaped." (Exhibit 5)  It has a first inner long, straight edge and two short, curved sides of equal length.  The other long side is generally arcuate and inwardly concave. The two ends are arcuate and convex, and converge along their length as they extend outwardly from the console.  (*Id.*)

8.  Two supporting legs are provided in a criss-cross arrangement on each side of the horizontal work surface with each leg extending generally arcuately and downwardly so as to cross the other to present an "X" overall design, which is a signature feature of the TBC CROSSFIRE console.

9.  There is no rail protruding from the side of the CROSSFIRE which is a dominant feature of the '078 design.  (Exhibits 3, 4)

Atty Docket No.: TBC01.006

10. As in any patent infringement determination, the first step is to analyze the claim being asserted to interpret its meaning and scope. According to Forecast, the novel elements of its patented design are: (1) the concave work surface (only the lower surface - the top surface is disclaimed); (2) the arched legs and (3) angled turrels (not shown - and thus not part of the patented design). (Please see paragraph 6, *supra*.)

11. Plaintiff does not mention the dominant feature of an octagonal rail (in cross section) projecting from each side of its console design (Ex. 1).

12. To determine infringement the trier of fact (here the Judge) applies two factual tests. The first is the so-called "ordinary observer test" which may be a consumer or the trier of fact. This test is whether an "ordinary purchaser" would be confused into buying TBC's product, thinking that it was a Forecast product based upon the overall appearance of the '078 and design and the CROSSFIRE.

13. Only if the test of paragraph 12, above, is met, does the Court then conduct the second test as to whether TBC misappropriated the novel aspects of the Forecast '078 design and whether it was TBC's use of these novel features that directly caused, a *sin qua non*, the likelihood of confusion.

14. The alleged novel aspects of Forecast's design patent (Exhibit 1) appear to be the concaved outer long edge of the work surface with the generally straight outwardly expanding side edges as they extend along their length from the console; a single, arched leg on either side of the console with a single, generally horizontal, arcuate foot, or strut, extending from the bottom of each leg to stabilize the leg; and an octagonal (in cross section) rail projecting from each side of the console. (Exhibit 1, Figs. 1-5)

Atty Docket No.: TBC01.006

15. As a factual example of what the US Court of Appeals for the Federal Circuit found to be a non-infringing "overall appearance of an accused product (a toy rocket football), please see *Oddzon Products, Inc. v. Just Toys Inc., et al.*, 122 F.3d 1396, 1399, 1400, 1404-1406 (Fed. Cir. 1997).

Patented Design No. 346,001:



Fig.1

Non-Infringing Accused Products:



16. In the above comparison, even though the footballs were identical and the rear fin of the patented toy rocket football design had longitudinal edges which diverged and expanded in width so as to flare outwardly from the fin's root to its distal end, the edges were somewhat concave along their length, as opposed to the accused designs, which had fin edges, which were either rippled, or wavy along the length of the fin or simply straight.

17. This difference was sufficient for the Court in Oddzon Products to find that the "overall appearance" of the product design (as opposed to the functional features) would not

confuse a consumer and thus there was no need to conduct the next step of comparing the novel design features in the patent with the allegedly infringing product.

18. Quite clearly, the differences between both the overall design appearance, and the individual design features of the TBC CROSSFIRE console (Exhibits 3, 4 and 5) as compared with those of the '078 patented Forecast design (Exhibit 1) are so numerous and substantial that no "ordinary observer" would likely be confused into buying TBC's CROSSFIRE thinking it was a Forecast product based on the '078 design.

19. The Forecast '902 design patent (Exhibit 2) for a side table (Complaint Exhibit H) is a relatively simple design of a generally cubic shaped table having vertically straight (yet, slightly arcuate in the _horizontal_ plane) vertical side walls joining top and bottom horizontal surfaces, each of which extend beyond the vertical side walls.

20. The side walls of the '902 design are wholly within the perimeters of the horizontal surfaces and have four vertically straight edges which generally form the overall design of a cube.

21. Vertically extending molding is attached to the vertical edges of each side; i.e., along each vertical corner of the overall cube.

22. The TBC side table (Exhibit 6) is a generally rectangular prism (as opposed to a cube). The table has two vertical side panels which are arcuate along the vertical edge.

23. The side panels are mounted wholly on the outside of two generally horizontal surfaces and extend above the upper horizontal surface to present a horizontally extending, arcuate edge.

24. Although the wheeled legs of the Forecast design are not part of the patent claim, the arcuate struts supporting the TBC wheels are completely different from any aspect of the Forecast design.

25. There are no molding strips vertically attached to the four corners of the table.

26. The overall impact of the TBC table is that it arches toward the user as opposed to the Forecast table which simply projects a classic cubic design, without any sweeping or arching feature.

27. The aspect ration of width to height is approximately 1.0 in the Forecast design and clearly < 1.0 in the TBC design.

28. As with the CROSSFIRE analysis above at paragraphs 1-14, *supra.*, the differences in the "overall appearance" as well as the individual features of the Forecast '902 design (Exhibit 2) and TBC's side table (Exhibit 6) are so numerous and substantial that no "ordinary observer" would likely be confused into buying TBC's side table product thinking it was a Forecast product based upon the '902 design.

Respectfully Submitted,

Dated:  March 19, 2008

Keith D. Nowak
Bar Roll No. KN-0230
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 238-8610 Phone
Attorney for Defendants

Atty Docket No.: TBC01.006

## CERTIFICATE OF SERVICE

I hereby certify that the above document entitled DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO RULE 56 FRCP AND LOCAL RULE 56.1 FRCP REGARDING DEFENDANTS' PROPOSED MOTION FOR SUMMARY JUDGEMENT, was served on Plaintiff this 19th day of March 2008, by e-mail and U.S. First Class Mail at the following address:

> Bruce D. Katz
> Bruce D. Katz and Associates
> 225 Broadway, 37th Floor
> New York, NY 10007
> E-mail: bkatz225@gmail.com

Date: 3/18/08

_____
Keith D. Nowak

6287120.1

# EXHIBIT 1

US00D473078S

(12) **United States Design Patent**     (10) Patent No.:     **US D473,078 S**

Haberman     (45) **Date of Patent:**     ** Apr. 15, 2003

(54) **DESK**

(75) Inventor: **William G. Haberman**, Glen Head, NY (US)

(73) Assignee: **Forecast Consoles, Inc.**, Deer Park, NY (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/158,539**

(22) Filed: **Apr. 4, 2002**

(51) **LOC (7) Cl.** ................................................. **06-03**

(52) **U.S. Cl.** ........................................................ **D6/480**

(58) **Field of Search** ........................ D6/422–428, 477, D6/479, 474, 421; 312/194–196, 204, 208.1, 208.2, 208.4, 239; 108/50.01, 50.02

(56)     **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,838,177 A | | 6/1989 | Vander Park |
| D414,350 S | * | 9/1999 | Fear et al. ................... D6/426 |
| 6,146,046 A | * | 11/2000 | Oberle ............. 108/50.02 X |
| 6,152,048 A | | 11/2000 | Vander Park |
| D436,268 S | * | 1/2001 | Ko ............................. D6/484 |
| D441,572 S | * | 5/2001 | Deimen et al. .............. D6/480 |
| 6,279,761 B1 | | 8/2001 | Niewiadomski et al. |
| 6,283,043 B1 | | 9/2001 | Stern et al. |
| D456,169 S | * | 4/2002 | Ko ............................. D6/425 |

* cited by examiner

*Primary Examiner*—Janice E. Seeger

(74) *Attorney, Agent, or Firm*—Hoffmann & Baron, LLP

(57)     **CLAIM**

The ornamental design for a desk, as shown and described.

**DESCRIPTION**

FIG. **1** is a top front perspective view of a desk showing our new design;

FIG. **2** is a top rear perspective view thereof;

FIG. **3** is a top plan view thereof;

FIG. **4** is a front elevation view thereof;

FIG. **5** is a left side elevation view thereof, the right side being a mirror image; and,

FIG. **6** is a back elevation view thereof.

The bottom views (not shown) form no part of the claimed design. The subject matter shown in broken lines is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 6 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3

**U.S. Patent**     Apr. 15, 2003     Sheet 4 of 6     **US D473,078 S**



FIG. 4



FIG. 5

**U.S. Patent**      Apr. 15, 2003      Sheet 6 of 6      **US D473,078 S**



FIG. 6

# EXHIBIT 2

US00D495902S1

(12) **United States Design Patent**
Haberman et al.

(10) Patent No.: **US D495,902 S**
(45) Date of Patent: ** **Sep. 14, 2004**

(54) **DESK SIDE TABLE**

(76) Inventors: **William G. Haberman**, 10 Sylvia St., Glen Head, NY (US) 11545; **Dennis Browner**, 12 Chance St., Hicksville, NY (US) 11811

(**) Term: **14 Years**

(21) Appl. No.: **29/179,167**

(22) Filed: **Apr. 4, 2003**

(51) **LOC (7) Cl.** .................................................. **06-03**

(52) **U.S. Cl.** ........................................ **D6/480**; D6/441

(58) **Field of Search** ......................... D6/480–489, 495, D6/497, 450, 451, 511, 432, 441; 108/150, 153.1, 158, 155, 156, 157.1, 161; 248/188, 188.1, 188.8

(56)            **References Cited**

U.S. PATENT DOCUMENTS

| D112,114 S | * | 11/1938 | Hanson | D6/441 |
| D260,836 S | * | 9/1981 | de Polo et al. | D6/484 |
| D371,701 S | * | 7/1996 | Jolly et al. | D6/484 |

D373,489 S   *   9/1996  Tabbia ......................... D6/441

* cited by examiner

*Primary Examiner*—Janice E. Seeger
(74) *Attorney, Agent, or Firm*—Hoffmann & Baron, LLP

(57)            **CLAIM**

The ornamental design for a desk side table, as shown and described.

**DESCRIPTION**

FIG. 1 is a top front perspective view of a desk side table showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a front plan view thereof, the back being a mirror image; and,
FIG. 4 is a left side plan view thereof, the right side being a mirror image.
The bottom view (not shown) forms no part of the claimed design. The subject matter shown in broken lines is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**





FIG. 1



FIG. 2

**U.S. Patent**        Sep. 14, 2004        Sheet 3 of 4        US D495,902 S



FIG. 3



FIG. 4

# EXHIBIT 3



# EXHIBIT 4



XK 300

# EXHIBIT 5



PLAN VIEW

90 3/16"

89 7/16"

20"

27 13/16"

23 1/16"



| | |
|---|---|
| Client: | TBC |
| | 115 CAMP ST. WEST BABYLON, NY 11704<br>PHONE: 516-293-0068  FAX: 516-293-0075 |
| Project: | CROSSFIRE XK-3 |
| Drawing Title: | PLAN VIEW |
| Design by: | TBC |
| Drawn by: | DG |
| Dates: | *-*-* |
| Scale: | 3/4"=1'-0" |
| Rack Rail Type: | T.B.D. |
| Plan Spec: | TBD |
| Plan Spec: | TBD |
| Special Notes: | |

client: ☑ DESIGN PROPOSAL DRAWINGS
☐ CONSTRUCTION DRAWINGS

Revisions:

CLIENT SIGNATURE APPROVES ALL
SPECIFICATIONS INDICATED IN
THIS DRAWING.

client: _ _ _ _ _ _ _    date: _ _ _ _

Filename: *-*-*

Drawing No: DP-001

# EXHIBIT 6

