CARTER LEDYARD & MILBURN LLP
Keith D. Nowak, Esq. (KN-0230)
2 Wall Street
New York, NY 10005
Phone: (212) 238-8610
Fax:    (212) 732-3232
Attorneys for Defendants TBC Consoles, Inc.,
Time Base Corporation and Jerry Hahn

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
FORECAST CONSOLES, INC.,            :

                  Plaintiff,        :

        - against -                        :

TBC CONSOLES, INC., TIME BASE       :
CORPORATION and JERRY HAHN
                              :

                  Defendants.
---------------------------------------------------x

**ECF CASE**

**CIVIL ACTION NO.
07-CV-3106 (KMW)(KNF)**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1 AS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 7,125,088

**I. Defendant's Preliminary Statement**

Plaintiff has submitted a local rule 56.1 Statement of Alleged Facts asserting that defendants have infringed U.S. Patent No. 7,125,088, purportedly owned by plaintiff. However, unlike the infringement analysis for the infringement of a design patent,[1] which requires a visual examination and may be conducted by the Court, without expert testimony or the testimony of the parties, the infringement analysis for a utility patent, such as US Patent No. 7,125,088, is

---

[1] The infringement analysis for a design patent merely involves (1) an "ordinary observer's evaluation as to whether one would be likely to buy the accused product, thinking that it was the design patented product; and if an ordinary observer were so likely to buy the infringing product, would he do so because the accused product has incorporated the novel features of the patented design? *Oddzon Products v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (CAFC 1997).

considerably more technical and fact intensive, usually requiring the assistance of expert testimony for resolving the issues.

### A. The Subject Matter of the '088 Patent

The '088 patent allegedly covers a multi-media workstation having a master rail with a longitudinal slot for permitting horizontal adjustment of the various components of the workstation such as audio visual equipment. The components of the workstation each include a "finger" engaged in the longitudinal slot of the rail extrusion so that the component is able to be horizontally translated along the length of the rail. All the claims require a "finger" engaged in the rail slot which can be translated horizontally along the rail. Before there can be infringement of a utility patent, all elements in a claim must be present in an infringing product.

### B. Infringement

It is not enough for a patentee to merely read the words of a patent claim on an accused device using whatever definitions of the words the patentee finds convenient.

First, the Court must conduct a *Markman* hearing to construe the meaning of the words to one of ordinary skill in the art, usually requiring technical expert testimony, to determine what the "terms of art" mean in the particular field of the invention. For example, is a "finger and slot" combination the same as a "slide and groove," and what is a "finger" in the media workstation art? *Markman v. Westview,* 52 F.3d 967, 517 U.S. 370 (1996).

Next, the Court must determine if the accused device is the same as the claimed device in structure, function and result. Merely reading words of a claim in an attempt to describe the accused device is insufficient. Even if a patent claim literally reads on an accused device, the same function may be performed in a substantially different way so as to invoke the "Reverse

Doctrine of Equivalents" and compel a conclusion of non-infringement. *Westinghouse v. Boyden* 170 U.S. 537, 538 (1898); *Texas Instruments v. U.S.*, 846 F.2d 1369, 1371 (Fed. Cir. 1988).

C. Validity Under 35 U.S.C. § 103

An invalid patent cannot be infringed. Here the claimed workstation is basically a table comprising elements which have been known and used for many years. (Please see prior art cited by Examiner on the face of the patent.) When there is such a patented combination of old elements, invalidity under 35 U.S.C. § 103, i.e., "obviousness", must be examined. In this case, expert testimony "is needed" for the "level of skill in the art," the "difference" between the invention and prior art and other technical determinations. *Peterson Co. v. Central Purchasing Inc.*, 740 F.2d 1541, 1547 (Fed. Cir. 1984).

D. Inventorship

Without exhausting the list of issues which cannot be resolved by Summary Judgment in this case regarding this utility patent, there is a very serious issue of inventorship.

Defendants will prove that William Haberman is, at best, a co-inventor of the patented workstation. The so-called master rail system claimed in the patent was conceived and reduced to practice by former employees or consultants. It is not known what contribution Mr. Haberman may have made, if any.

Defendants' proof consists of three signed declarations by former employees or consultants of plaintiff, all of which state that Mr. Haberman did not conceive of the use of a horizontal rail, or a "finger" engaged in the rail so that components can be horizontally translated along the rail or of the elements in the design patents. All three declarants will so testify at trial. It is also to be noted that as part of the discovery process defendants requested from plaintiff **any**

documents showing that Mr. Haberman was an inventor. Plaintiff produced no documents and acknowledged that there are no such documents.

Mr. Haberman's improper claim to inventorship has two consequences:

1. Nonjoinder of an inventor which includes deceptive intent on the part of a named inventor renders the patent invalid for inequitable conduct. *Stark v. Advanced Magnetics Inc.*, 119 F.3d 1551, 1556 (Fed. Cir. 1997).

2. Even assuming that Mr. Haberman was somehow deemed a joint inventor, in the absence of an agreement to the contrary, each joint inventor is a joint owner having an undivided equal interest in the invention as a whole. In *Ethicon Inc. v. U.S. Surgical Corporation*, 135 F.3d 1917 (Fed. Cir. 2001) an unnamed joint inventor with equal rights to the patent-in-suit assigned his rights to the defendant in the case. Plaintiff's case was then dismissed as the defendant had every right to practice the invention assigned to it by the unnamed inventor. The facts, which defendants will prove at trial, in this case are so similar to the facts in *Ethicon* as to compel the same result, i.e., the dismissal of plaintiff's case for infringement.

## II. Defendant's Response to Plaintiff's Rule 56.1 Submission

Pursuant to the March 5, 2008 Order of this Court, defendants respectfully respond to Plaintiff's generally unsupported Statement of Facts purportedly Under FRCP Rule 56 and Local Rule 56.1 as follows:

**Proposed Undisputed Fact No. 1**

Plaintiff Forecast Consoles, Inc. ("Forecast") and Defendants TBC Consoles, Inc. et al. ("TBC") are both engaged in the manufacture and sale of technical furniture, namely consoles and workstations for the TV production, post production and broadcasting facilities.

Response:  Responding to plaintiff's first unnumbered paragraph, defendants are engaged in the design, manufacture and sale of consoles having no relationship to plaintiff or its products.

**Proposed Undisputed Fact No. 2**

US Patent No. 7,125,088 ("the '088 patent") was issued by the United States Patent and Trademark Office on October 24, 2006 and is assigned to Forecast.

Response:  Response to plaintiff's second unnumbered paragraph, defendants assert that U.S. Patent No. 7,125,088 was not duly or legally issued to plaintiff and that any assignment to plaintiff is void due to rights held by unnamed joint inventors.

**Proposed Undisputed Fact No. 3**

The '088 patent discloses and claims a multimedia workstation having a master rail system for permitting horizontal adjustment of the various components of the workstation.

Response:  Defendants agree that the SUMMARY OF THE INVENTION section of the '088 patent recites the above language.

**Proposed Undisputed Fact No. 4**

Count I of the complaint alleges infringement of the '088 patent based on TBC's manufacture, sale and promotion of its "IntelliTrac" line of modular workstations.

<u>Response</u>: Regarding Plaintiff's fourth unnumbered paragraph, defendants agree that Count I alleges infringement of plaintiff's '088 patent.

**Proposed Undisputed Fact No. 5.**

Independent claim 9 of the '088 patent recites the following elements:

"A multi-media workstation comprising:

at least two vertical frames having an upper mounting surface thereon;

a rail extrusion mounted to said mounting surface of said vertical frames and connecting said frames, said rail extrusion having as upper surface, a lateral surface and a longitudinal slot formed in each of said upper surface and said lateral surface;

a desktop unit having a finger engaged in said longitudinal slot of said lateral surface of said rail extrusion, wherein said desktop unit is able to be horizontally translated along a length of said rail extrusion; and

a vertical support stand for supporting a piece of audiovisual equipment, said vertical support stand having a finger engaged in said longitudinal slot of said upper surface of said rail extrusion, wherein said support stand is able to be horizontally translated along a length of said rail extrusion."

<u>Response</u>: Regarding plaintiff's fifth unnumbered paragraph, defendants agree that claim 9 of the '088 patent is correctly stated above.

**Proposed Undisputed Fact No. 6**

TBC has made, used, sold and/or offered for sale a line of modular furniture under the name "IntelliTrac".

<u>Response</u>: Regarding plaintiff's sixth unnumbered paragraph, defendants agree that they have made, used, sold or offered for sale modular multimedia workstation furniture, under its mark "IntelliTrac", having no relationship to plaintiff or its products.

**Proposed Undisputed Fact No. 7**

TBC's IntelliTrac products are multi-media workstations.

<u>Response</u>: Regarding plaintiff's seventh unnumbered paragraph, defendants agree that they have made, used, sold or offered for sale multimedia workstation furniture having no relationship to plaintiff or its products.

**Proposed Undisputed Fact No. 8**

TBC's IntelliTrac products have at least two vertical frames having an upper mounting surface thereon.

<u>Response</u>: Regarding plaintiff's eighth unnumbered paragraph, defendant responds that its vertical frames are similar to many prior art table leg supports and are wholly different from plaintiff's vertical frames and that the term mounting surface must be defined by the Court in a *Markman*[2] hearing. Thus, defendants deny this proposed fact.

**Proposed Undisputed Fact No. 9**

TBC's IntelliTrac products have a rail extrusion mounted to said mounting surface of said vertical frames and connecting said frames, said rail extrusion having an upper surface, a lateral surface and a longitudinal slot formed in each of said upper surface and said lateral surface.

---

[2] Please see pg. 2, *supra*.

<u>Response</u>: Regarding plaintiff's ninth unnumbered paragraph, defendants respond that they use extrusions in their product of the type that have been used since long before the filing date of plaintiff's patent application. The remaining terms of this proposed fact must be defined by the Court in a *Markman* hearing and are thus denied.

**Proposed Undisputed Fact No. 10**

TBC's IntelliTrac products have a desktop unit having a finger engaged in said longitudinal slot of said lateral surface of said rail extrusion, wherein said desktop unit is able to be horizontally translated along a length of said rail extrusion.

<u>Response</u>: Regarding plaintiff's tenth unnumbered paragraph, defendants deny that they have such a "finger" within the meaning of the claim either by direct readability or under the Doctrine of Equivalents. Furthermore, whatever element in defendants' product plaintiff is calling a desktop unit is not horizontally translated.

**Proposed Undisputed Fact No. 11**

TBC's Intellitrac products have a vertical support stand for supporting a piece of audiovisual equipment, said vertical support stand having a finger engaged in said longitudinal slot of said upper surface of said rail extrusion, wherein said support stand is able to be horizontally translated along a length of said rail extrusion.

<u>Response</u>: Regarding plaintiff's eleventh unnumbered paragraph, defendants deny that they have such a "finger" within the meaning of the claim either by direct readability or under the Doctrine of Equivalents.

**Proposed Undisputed Fact No. 12**

Claim 10 of the '088 patent depends upon claim 9 and further recites "wherein said rail extrusion further includes an inclined surface disposed at a downward angle with respect to said upper surface, said inclined surface having a longitudinal slot formed therein."

Response: Responding to plaintiff's twelfth unnumbered paragraph, defendants admit that Claim 10 of the '088 patent depends upon claim 9 and further recites "wherein said rail extrusion further includes an inclined surface disposed at a downward angle with respect to said upper surface, said inclined surface having a longitudinal slot formed therein."

**Proposed Undisputed Fact No. 13**

In TBC's Intellitrac products, said rail extrusion further includes an inclined surface disposed at a downward angle with respect to said upper surface, said inclined surface having a longitudinal slot formed therein."

Response: Regarding plaintiff's thirteenth unnumbered paragraph, defendants deny that their track includes anything more than what has been made and sold prior to plaintiff's filing of its patent application and that the recited terms must be defined by the Court in a *Markman* hearing. Thus, defendants deny this Proposed Undisputed Fact.

**Proposed Undisputed Fact No. 14**

Claim 12 of the '088 patent depends upon claim 9 and recites that "wherein said desktop unit comprises a work surface and at least two desktop brackets for supporting said work surface, said desktop brackets each including a finger engaged in said longitudinal slot of said lateral surface of said rail extrusion."

Response: Regarding plaintiff's fourteenth unnumbered paragraph, defendants agree that, Claim 12 of the '088 patent depends upon claim 9 and recites that "wherein said desktop unit comprises a work surface and at least two desktop brackets for supporting said work surface, said desktop brackets each including a finger engaged in said longitudinal slot of said lateral surface of said rail extrusion."

**Proposed Undisputed Fact No. 15**

In TBC's IntelliTrac products, said desktop unit comprises a work surface and at least two desktop brackets for supporting said work surface, said desktop brackets each including a finger engaged in said longitudinal slot of said lateral surface of said rail extrusion.

Response: Regarding plaintiff's fifteenth unnumbered paragraph, defendants deny that any of their products include a "finger" within the meaning of plaintiff's claim.

**Proposed Undisputed Fact No. 16**

Claim 13 of the '088 patent depends upon claim 9 and recites "wherein said vertical support stand is adapted to support a flat screen monitor."

Response: Regarding plaintiff's sixteenth unnumbered paragraph, defendant agrees that claim 13 of the '088 patent depends upon claim 9 and recites "wherein said vertical support stand is adapted to support a flat screen".

**Proposed Undisputed Fact No. 17**

In TBC's Intellitrac products, said vertical support stand is adapted to support a flat screen monitor.

Response: Regarding plaintiff's seventeenth unnumbered paragraph, defendant responds that this element must be defined by the Court and thus denies the proposed fact.

Atty Docket No.: TBC01.006

## III. Conclusion

Plaintiff's request to file a motion for partial summary judgment regarding the issue of infringement of U.S. Patent No. 7,125,088 should be denied.

Respectfully Submitted,

Dated: April 1, 2008

Keith D. Nowak
Bar Roll No. KN-0230
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 238-8610 Phone
Attorney for Defendants

Atty Docket No.: TBC01.006

## CERTIFICATE OF SERVICE

I hereby certify that the above document entitled DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1 AS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 7,125,088, was served on Plaintiff this 1ST day of April 2008, by e-mail and U.S. First Class Mail at the following address:

>  Bruce D. Katz
>  Bruce D. Katz and Associates
>  225 Broadway, 37th Floor
>  New York, NY 10007
>  E-mail: bkatz225@gmail.com

Date: 4/1/08

Keith D. Nowak

6301268.1