CARTER LEDYARD & MILBURN LLP
Keith D. Nowak, Esq. (KN-0230)
2 Wall Street
New York, NY 10005
Phone:  (212) 238-8610
Fax:     (212) 732-3232
Attorneys for Defendants TBC Consoles, Inc.,
Time Base Corporation and Jerry Hahn


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x     **ECF CASE**

FORECAST CONSOLES, INC.,                    :

                        Plaintiff,     :     **CIVIL ACTION NO.
07-CV-3106 (KMW)(KNF)**

        - against -                          :

TBC CONSOLES, INC., TIME BASE     :
  CORPORATION and JERRY HAHN

                             :

                   Defendants.
-------------------------------------------------x


## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO RULE 56 FRCP AND LOCAL RULE 56.1 FRCP REGARDING DEFENDANTS' PROPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT


### PRELIMINARY STATEMENT

Defendants hereby reply to plaintiff's response to defendants' Local Rule 56.1 Statement. Fundamentally, plaintiff's response is nothing more than a denial.  Plaintiff merely complains that defendants incorrectly describe the patented designs and their accused products.  Here, the exhibits (i.e., plaintiff's own Complaint exhibits) speak for themselves without requiring word descriptions.

A design patent covers only the "new, original and ornamental design features of an article of manufacture."  35 U.S.C. §171.  Manifestly, even a cursory examination compels the

Atty Docket No.: TBC01.006

conclusion that the defendants' products as a whole are so totally different (of course, any table would have a horizontal surface and legs) from plaintiff's patented ornamental designs that no reasonable fact finder could find that the defendants' have incorporated the overall ornamental design of plaintiff's patented designs.

The overall design features of the defendants' products must be compared with the overall ornamental design features of the plaintiff's patented designs. Functional features are not to be considered. *Unidynamics Corporation v. Automatic Products International Ltd.*, 157 F.3d 1311, 1323, 1324 (CAFC 1998).

Only if the Court finds that the overall ornamental design of the patent is appropriated by defendants, does the Court consider the second test, "the points of novelty" test, where the plaintiff must show that one would be confused into purchasing the defendants products thinking that they were the plaintiff's because (*sine qua non*) the defendants incorporated the plaintiff's points of ornamental design in their products. *Id.* Defendants respectfully submit that, here, plaintiff does not survive the first "overall ornamental design" test.

Regarding plaintiff's responses to defendants' Rule 56.1 Statement, defendants respectfully submit that plaintiff merely offers bald denials, assertions and argument. Clearly, such mere denials cannot defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-252 (1986), Rule 56(e)(2) FRCP. The vast majority of plaintiff's responses either do not require a reply or the factual statement is clear from the previously provided drawings.

Accordingly, defendants reply as follows to selected ones of plaintiff's responses to defendant's Rule 56.1 statements:

Atty Docket No.: TBC01.006

10.  As in any patent infringement determination, the first step is to analyze the claim being asserted to interpret its meaning and scope.  According to Forecast, the novel elements of its patented design are: (1) the concave work surface (only the lower surface - the top surface is disclaimed); (2) the arched legs and (3) angled turrels (not shown - and thus not part of the patented design).  (Please see paragraph 6, *supra*.)

Response:  Contested. Plaintiff notes that the foregoing statement is not factual in nature. It is an incorrect legal statement of the test for design patent infringement, which necessitates a determination of the point(s) of novelty of a patent design, comparison of these points of novelty with the accused design, and a consideration of the overall similarity of the patented and accused designs. Plaintiff admits that elements numbered above as (1) - (3) are distinctive aspects of its design and were identified in Plaintiff's Complaint as elements of Plaintiff's trade dress. Neither Plaintiff nor Defendant has conclusively established these elements of the design to its points of novelty. The determination of the points of novelty of a patented design requires a consideration of the prior art. Defendants have made no effort to analyze or determine the point(s) of novelty of the '078 patent.

Reply:  First, it is defendants' position on its proposed summary judgment motion that plaintiff's claim of design patent infringement does not survive even the first test of whether the "ordinary observer" would be confused by the defendants' "overall ornamental design" of its products so as to buy defendants' products believing them to be plaintiff's products.  In addition, it will be the plaintiff's burden to describe the points of novelty in its patents in response to Defendant's Motion for Summary Judgment.

11.  Plaintiff does not mention the dominant feature of an octagonal rail (in cross section) projecting from each side of its console design (Ex. 1).

Response:  Contested. Plaintiff denies that the octagonal rail is a dominant feature of the design of the '078 patent. Indeed, this feature of the design is not readily viewable during use of the desk. (Defendants' Exhibit 1).

Reply:  The exhibits undisputedly speak for themselves.  Furthermore, what is viewable during the use of plaintiff's commercial product is totally irrelevant.  The defendant's product design must be compared with the patented design and not plaintiff's commercial product.

14.  The alleged novel aspects of Forecast's design patent (Exhibit 1) appear to be the concaved outer long edge of the work surface with the generally straight outwardly expanding side edges as they extend along their length from the console; a single, arched leg on either side of the console with a single, generally horizontal, arcuate foot, or strut, extending from the bottom of each leg to stabilize the leg; and an octagonal (in cross section) rail projecting from each side of the console.  (Exhibit 1, Figs. 1-5)

Response:  Contested. Plaintiff has not yet determined the points of novelty of the design disclosed and claimed in the '078 patent and has merely alleged the distinctive features of the design. This determination of the points of novelty of the '078 patent requires an assessment of the prior art.

Reply:  Please see defendants' reply to paragraph No. 10.

15.  As a factual example of what the US Court of Appeals for the Federal Circuit found to be a non-infringing "overall appearance of an accused product (a toy rocket football), please see *Oddzon Products, Inc. v. Just Toys Inc., et al.*, 122 F.3d 1396, 1399, 1400, 1404-1406 (Fed. Cir. 1997).

Atty Docket No.: TBC01.006

Patented Design No. 346,001:



Fig.1

Non-Infringing Accused Products:



Response:  Contested. The statement contained in Paragraph 15 is non-factual. It is an erroneous statement of law in violation of LR 56.1 and need not be responded to. Nonetheless, Plaintiff notes that the district court's determination of non-infringement in the Oddzon Prods. case, upheld by the Federal Circuit, was largely based upon the plaintiff's failure to introduce evidence sufficient to demonstrate that the similarities between the patent design and the accused products were due to protectable ornamental features of the designs. Contrary to Defendant's statement, the Court did indeed find similarity in the overall designs.

Reply:  The *Oddzon Products* Court found that any similarity in the overall designs was predominantly functional.

16.  In the above comparison, even though the footballs were identical and the rear fin of the patented toy rocket football design had longitudinal edges which diverged and expanded in width so as to flare outwardly from the fin's root to its distal end, the edges were

somewhat concave along their length, as opposed to the accused designs, which had fin

edges, which were either rippled, or wavy along the length of the fin or simply straight.

Response:  Contested. The statement contained in Paragraph 15 is non-factual. It is an

erroneous statement of law in violation of LR 56.1 and need not be responded to.

Nonetheless, Plaintiff notes that the district court's determination of non-infringement in the

Oddzon Prods. case, upheld by the Federal Circuit, was largely based upon the plaintiff's

failure to introduce evidence sufficient to demonstrate that the similarities between the patent

design and the accused products were due to protectable ornamental features of the designs.

Contrary to Defendant's statement, the Court did indeed find similarity in the overall designs.

Reply:  Please see defendants' reply to paragraph No. 15.


17.  This difference was sufficient for the Court in Oddzon Products to find that the

"overall appearance" of the product design (as opposed to the functional features) would not

confuse a consumer and thus there was no need to conduct the next step of comparing the

novel design features in the patent with the allegedly infringing product.

Response:  Contested. The statement contained in Paragraph 16 is non-factual. It is an

erroneous statement of law in violation of LR 56.1 and need not be responded to.

Reply:  Please see defendants' reply to paragraphs 15 and 16.


## CONCLUSION

Defendants' entire list of proposed undisputed facts condenses into one.

The exhibits that the plaintiff attached to its Complaint, themselves, undisputedly

demonstrate that no ordinary finder of fact, acting as an "ordinary observer" (also defined as a

Atty Docket No.: TBC01.006

"reasonable purchaser") could find that such a purchaser would likely be confused into buying

defendants' accused products, believing them to be plaintiff's products.


Respectfully Submitted,

Dated:  April 8, 2008

Keith D. Nowak
Bar Roll No. KN-0230
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 238-8610 Phone
Attorney for Defendants

Atty Docket No.: TBC01.006

## CERTIFICATE OF SERVICE

I hereby certify that the above document entitled DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO RULE 56 FRCP AND LOCAL RULE 56.1 FRCP REGARDING DEFENDANTS' PROPOSED MOTION FOR SUMMARY JUDGMENT, was served on Plaintiff this 8th day of April 2008, by e-mail and U.S. First Class Mail at the following address:

>
> Bruce D. Katz
> Bruce D. Katz and Associates
> 225 Broadway, 37th Floor
> New York, NY 10007
> E-mail: bkatz225@gmail.com

Date: April 8, 2008

Keith D. Nowak