```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TBC CONSOLES, INC.,                 |
                                    |
                    Plaintiff,      |
                                    |
     -against-                      |  05 Civ. 2756 (KMW) (AJP)
                                    |
                                    |
FORECAST CONSOLES, INC.,            |
                                    |
                    Defendant.      |
------------------------------------x
FORECAST CONSOLES, INC.,            |
                                    |
                    Plaintiff,      |
                                    |
     -against-                      |  07 Civ. 3106 (KMW) (KNF)
                                    |
                                    |       ORDER
TBC CONSOLES, INC., et al.,         |
                                    |
                    Defendants.     |
------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/08

KIMBA M. WOOD, U.S.D.J.:

The parties in the above-captioned consolidated actions have jointly moved to separate trial pursuant to Federal Rule of Civil Procedure 42(b) by trying (1)(a) liability and then (b) willfulness in two phases before a single jury (the "first trial"), and (2) trying damages, if necessary, in a second trial before a separate jury (the "second trial"). (Nowak Letter, August 29, 2008 ("Nowak Letter").) They have also asked the Court to stay discovery insofar as it pertains to damages experts. Id. The parties' prior motion to bifurcate trial of liability and damages was denied without prejudice by order of the Court on August 21, 2008 ("August 21, 2008 Order"). (07 Civ. 3106 D.E. 31.) The August 21, 2008 Order, familiarity with which

1

is assumed, invited the parties to submit additional information in support of their joint request to bifurcate trial. In response, the Nowak Letter demonstrated that (1) there would be little or no overlap in the evidence presented in the first and second trials of both the patent and non-patent claims; (2) while there would be overlap in the evidence presented in the two phases of the first trial, bifurcating liability and wilfulness will avoid prejudice to TBC Consoles, Inc., may obviate the need for the second wilfulness phase of the first trial, and will minimize the potential inefficiency by using a single jury; and (3) the possible burden of holding two trials is outweighed by the likelihood that the second trial will not be necessary. Based on the foregoing information, the Court hereby GRANTS the parties' revised request for separation and STAYS discovery pertaining to damages experts. Liability and wilfulness will be tried in two phases of a single trial; if necessary, damages will be tried in a second trial before a separate jury.

     SO ORDERED.

Dated:    New York, New York
           September __3__, 2008

                                                    /s/ Kimba M. Wood
                                                    Kimba M. Wood
                                            United States District Judge